## PHENIX INS. CO. v. LOUISVILLE & NASHVILLE R. CO.

*(Circuit Court, E. D. New York.   July 13, 1881.)*

1. GUARANTY OF COLLECTION—PROMISE—CONSTRUCTION.

   A promise " that if the plaintiff would endeavor to collect the amount of the loss described from the Grand Trunk Railway Company, they, the defendants, would pay the said claim if the Grand Trunk Railway Company did not do so," is, in legal effect, a guaranty of the collection of the debt.

*Wingate & Cullen,* for plaintiff.

*Foster & Thomson,* for defendant.

BENEDICT, D. J.   The plaintiff, suing in his own name as the assignee of a chose in action, cannot maintain the suit except upon the theory that the cause of action sued on is the new promise made to the plaintiff by the defendant set up in the complaint, viz.: that if the plaintiff would endeavor to collect the amount of the loss described from the Grand Trunk Railway Company, they, the defendants, would pay the said claim if the Grand Trunk Railway Company did not do so.   This cause of action is, in legal effect, a guaranty by the defendant of the collection of the debt described, and resort to a suit or some other legal proceding for the enforcement of the debt is a condition precedent to a recovery from such a guaranty. *Taylor* v. *Burton,* 8 Cow. 628.   No suit or other legal proceding against the Grand Trunk Railway is averred.   The allegation of the complaint is that "the plaintiff duly made such endeavor, and went to great trouble and incurred considerable disbursements in endeavoring to induce said Grand Trunk Railway to pay said claim."   This allegation is equivalent to saying that the plaintiff endeavored to collect the debt by endeavoring to induce the Grand Trunk Railroad Company to pay the claim, and not otherwise.   Upon the face of the complaint, therefore, compliance with the terms of the contract does not appear, and the complaint must be held bad.

There must be judgment for the defendant on the demurrer, with leave to the plaintiff to amend on payment of costs.